UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X

CLAIR DOLLMAN and
TREVOR DOLLMAN,

               Plaintiffs,



Case No. 08 CV 10184 (SHS)(HP)

STIPULATED PROTECTIVE
ORDER

- against -

MAST INDUSTRIES, INC., et al.,

               Defendants.

RECEIVED

OCT 15 2009

CHAMBERS

-----------------------------------------------------X

     IT IS HEREBY STIPULATED AND AGREED by and between the parties to this civil action, through their respective attorneys, as follows:

     1.      Plaintiffs, Defendants, and/or any other related non-parties involved in any way in this litigation are required to maintain the confidentiality of the following documents and information obtained through discovery in this litigation or obtained and marked as exhibits in depositions in this case (hereinafter referred to as "Confidential Material"):

          (a)     documents and information from personnel files of current and former employees of Defendants;

          (b)     documents and information pertaining to Defendants' employee handbooks, policy guides and benefits guides.

          (c)     documents and information pertaining to internal complaints by or against current or former employees of Defendants;

          (d)     documents and information pertaining to disciplinary actions by or against current or former employees of Defendants;

          (e)     lists of names of employees currently or formerly employed by defendants;

          (f)     medical, family medical, and personal financial and tax information of any person; and

(g)     any document or information that a party in good faith believes to contain confidential or proprietary business information, which is designated by the party as "Confidential."

2.      Documents or information qualifying under this Order as Confidential Material may be so designated by labeling the documents or information as "Confidential" at the time of production.   In the event that a producing party inadvertently fails to designate a document or information as "Confidential" at the time of production, the producing party shall have 10 business days following the date of production to supplement its designation.

3.      Any party designating a document as Confidential Material must promptly notify any receiving party, the Court, court reporter, or affected non-party witness, when documents or information cease to be Confidential Material or are otherwise not entitled to or not appropriate for confidential treatment under this Order.

4.      Any party objecting to the designation of any document or information as Confidential Material shall make a good faith effort to resolve the dispute without intervention of the Court. If the parties are unable to resolve the issue, the dispute will be resolved pursuant to F.R.C.P. 26 and 37 and Local Civil Rule 37.2.

5.      All Confidential Material shall be used solely for the purpose of conducting this litigation and for no other purpose. Confidential Material received by a party may be disclosed only to the following persons:

(a)     The parties to this action and counsel for any party to this action, and all legal support personnel and clerical employees regularly employed by, and working under the direct supervision of, such counsel;

(b)     Witnesses, independent consultants, or experts retained by any of the parties to this action to assist in the preparation and trial of this action, when counsel for any of the parties, in good faith, determines that individual needs to view such Confidential Material for the purposes of this litigation;

(c)     Any court reporter and the court reporter's staff and assistants employed in connection with a deposition in this litigation;

(d)     Any person approved in writing by the producing party;

(e)     Any current or former employee of Defendants if the Confidential Material disclosed relates solely to that employee or came from that employee's own personnel file.

6.     All persons reviewing or receiving Confidential Material pursuant to any provision of this Order are enjoined from disclosing the contents thereof to any other person other than for the prosecution or defense of this action and hereby agree to subject themselves to the jurisdiction of the Court for the purpose of any proceeding relating to the performance under, compliance with, or violation of this Order.  Before either party to this action disseminates any Confidential Material, that party shall provide the person to whom such disclosure is made with a copy of this Order and shall obtain the agreement in writing in the form of Exhibit A attached hereto of such person to be bound by the terms and conditions herein.  Notwithstanding the foregoing, the parties to this action shall not be required to execute an agreement in the form of Exhibit A prior to receiving any Confidential Information, but shall be bound by the terms of this Order by virtue of their status as parties.

7.     The recipient of any Confidential Material shall maintain such information in a secure and safe area.

8.     In the case of material revealed during a deposition, designation of the confidential portions of the transcript (including exhibits) shall be made within ten (10) days of counsel for the witness' receipt of a copy of the transcript of the deposition or by a statement to the effect on the record by counsel by the party being deposed.  Prior to the expiration of such ten (10) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such materials shall remain in the sole possession of counsel and shall not be disclosed to any person not listed in Paragraph 5.

9.     A procedure for the use of Confidential Material as exhibits at trial shall be discussed at the final pre-trial conference of this case and will be subject to the ruling of the Court.  All information subject to confidential treatment in accordance with the terms of this Order, and any pleadings, motions or other papers filed with the Court disclosing any confidential information, shall be filed under seal and kept under seal until further order of the Court.  To facilitate compliance with this Order by the Clerk's office, material filed under the designation "CONFIDENTIAL" shall be contained in a sealed envelope bearing such designation on its front face.  In addition, the envelope shall bear the caption of the proceeding, shall contain a concise, non-disclosing inventory of its contents for docketing purposes, and shall state thereon that it is filed under the terms of this Order.

10.    Within forty-five (45) days after receipt of written notice of the final disposition of this lawsuit, whether by final, non-appealable judgment, or by settlement, the receiving parties and all other persons who have received documents containing Confidential Material shall destroy or return all such documents, and all copies thereof, to the producing party.

11.    Nothing in this Protective Order shall preclude any party to this action or any other person from disclosing or using in any manner or for any purpose, any information or document obtained by means other than discovery in this action (if such information is lawfully obtained from a third party having the right to disclose such

information) even though the same information may be contained in Confidential Material.

12.     This Order shall not affect any party's right to object to the use in this litigation of Confidential Material on any ground.   The fact that information or documentation has been designated Confidential shall in no way prejudice the right of any party to contest the confidential, proprietary, or trade secret nature of any document or information, at time of trial or otherwise.

13.     This Order shall not prejudice or affect any party's right to object to the authenticity or admissibility of any evidence at time of trial.

14.     Any waiver under this Order must be made in writing or, if at a deposition, on the record. Any waiver, unless expressly made general, shall be deemed limited to the specified purposes of the request or proceeding involved, and shall not otherwise waive any of the protection provided by this Order.

15.     This Order is subject to modification, extension or limitation by order of the Court.

Dated:  New York, New York
       July      , 2009

                              VORYS, SATER, SEYMOUR AND PEASE LLP

                              By: _____
                                 ANDREW C. SMITH (AS-9153)
                                 52 East Gay Street
                                 Columbus, Ohio 43215
                                 Tel. No. (614) 464-8250
                                 E-Mail: ACSmith@Vorys.com
                                 *Attorneys for Defendants*

Dated:  New York, New York
       July      , 2009

                              ANZALONE & LESCHINS

                              By: _____
                                 PRESTON A. LESCHINS (PL-2885)
                                 888 Seventh Avenue Suite 3008
                                 New York, New York 10106
                                 Tel. No. (212) 247-6000
                                 E-Mail: Leschins@att.net
                                 *Attorneys for Plaintiffs*

SO ORDERED:

_____
WILLIAM H. PAULEY III U.S.D.J.

10/26/09