USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/6/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
CLAIR DOLLMAN,                      :

                Plaintiff,       :

    -against-                      :

MAST INDUSTRIES, INC.,              :

                Defendants.      :
------------------------------------X

08 Civ. 10184 (WHP)

MEMORANDUM & ORDER

WILLIAM H. PAULEY III, District Judge:

        Plaintiff Clair Dollman ("Dollman") brings this action against Defendant Mast Industries ("Mast") claiming wrongful termination based on pregnancy discrimination. Mast moves in limine to exclude certain evidence at trial. For the following reasons, Mast's motions are granted in part and denied in part.

## BACKGROUND

        On November 24, 2008, Dollman filed suit against Defendants Mast, Victoria's Secret Direct, LLC ("Victoria's Secret"), and Limited Brands, Inc. ("Limited"), alleging claims for employment discrimination, hostile work environment, retaliation, and wrongful termination on the basis of national origin and pregnancy in violation of, inter alia, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. (Compl., Nov. 24, 2008, ECF No. 1.) On August 17, 2010, this Court granted summary judgment on all claims in favor of Victoria's Secret and Limited and granted summary judgment for Mast on all claims except Dollman's claim for wrongful termination based on pregnancy discrimination. See Dollman v. Mast Indus., Inc., 731

F. Supp. 2d 328, 341 (S.D.N.Y. 2010). The facts of this case are fully set forth in this Court's prior Memorandum and Order. Facts relevant to the present motions are set forth below.

## DISCUSSION

I. <u>New York State Division of Human Rights' Determination After Investigation and Final Investigation Report</u>

Mast moves in limine to exclude evidence related to the New York State Division of Human Rights' ("NYSDHR") Determination After Investigation and Final Investigation Report ("NYSDHR Determination"), which found probable cause to support Dollman's claims, pursuant to Federal Rules of Evidence 402 and 403. The decision to consider such findings is left to the discretion of the district court. <u>Estate of Hamilton v. City of N.Y.</u>, 627 F.3d 50, 54 (2d Cir. 2010); see also <u>Paolitto v. John Brown E. & C., Inc.</u>, 151 F.3d 60, 65 (2d Cir. 1998). This is because "the district court is in the best position to consider the quality of the report, its potential impact on the jury, and the likelihood that the trial will deteriorate into a protracted and unproductive struggle over how the evidence admitted at trial compared to the evidence considered by the agency." <u>Paolitto</u>, 151 F.3d at 65.

Here, Dollman will have a "full opportunity to present to the jury all the evidence [she] submitted" to the NYSDHR. <u>Paolitto</u>, 151 F.3d at 65. Thus, the NYSDHR Determination itself is of little probative value, aside from improperly "suggest[ing] to the jury that it should reach the same conclusion as the agency." <u>Paolitto</u>, 151 F.3d at 65 (parenthetically quoting <u>Hall v. W. Prod. Co.</u>, 988 F.2d 1050, 1058 (10th Cir. 1993)). The potential for unfair prejudice and confusion is further increased by the fact that the NYSDHR Determination addressed only the question of probable cause, i.e. that "there is sufficient evidence of . . . discrimination and

retaliation . . . to warrant a public hearing." (NYSDHR Determination 7, 8.) This is a far more lenient standard than Dollman's burden at trial. The application of these differing standards raises the considerable possibility of juror confusion and the prospect that the trial will devolve into countless mini-trials over the adequacy and accuracy of the NYSDHR Determination. See Sanders v. Madison Square Garden, L.P., No. 06 Civ. 589 (GEL), slip op. at 8 (S.D.N.Y. Sept. 4, 2007). Accordingly, the NYSDHR Determination is excluded under Rule 403.

II. Bifurcation

Mast next moves to bifurcate the trial as to liability and damages. Federal Rule of Civil Procedure 42(b) provides in relevant part: "The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue." "The interests served by bifurcated trials are convenience, negation of prejudice, and judicial efficiency." Vichare v. AMBAC, Inc., 106 F.3d 457, 467 (2d Cir. 1996). The decision on whether to bifurcate is within the sound discretion of the district court. See Amato v. City of Saratoga Springs, 170 F.3d 311, 316 (2d Cir. 1999). Nevertheless, "bifurcation remains the exception rather than the rule," Lennon v. Seaman, No. 99 Civ. 2664 (GEL), 2002 WL 109525, at *9 (S.D.N.Y. Jan. 28, 2002), and is "to be employed only in exceptional circumstances," Hirschheimer v. Assoc. Metals & Minerals Corp., No. 94 Civ. 6155 (JFK), 1997 WL 528057, at *9 (S.D.N.Y. Aug. 27, 1997). This is because "[a] single trial tends to lessen the delay, expense and inconvenience to all concerned." Herschheimer, 1997 WL 528057, at *9.

This Court sees no compelling reason to depart from the normal course here. Evidence relating to liability and damages is intertwined. See Vichare, 106 F.3d at 466-67 (bifurcation inappropriate where "issues of liability and damages are intertwined"). And although a trial solely on liability would of course be shorter than a trial on both liability and damages, in the event that Dollman succeeds, bifurcation would be a "strain . . . on the expeditious completion of trial." Laurin v. Pokoik, No. 02 Civ. 1938 (LMM), 2005 WL 911429, at *8 (S.D.N.Y. Apr. 18, 2005). Any prejudice to Mast arising from the presentation of damages evidence can be obviated through a curative instruction. See Cole-Hoover v. State of N.Y. Dep't of Correctional Servs., No. 02 Civ. 826 (JJM), 2011 WL 3360002, at *5 (W.D.N.Y. Aug. 3, 2011). Accordingly, Mast's motion to bifurcate the trial is denied.

III. Punitive Damages

Mast also moves to "exclude" Dollman's claim for punitive damages because she purportedly cannot meet her burden at trial of proving her entitlement to this remedy. However, although styled as a motion to exclude evidence, this is in reality a motion for summary judgment dismissing Dollman's claim for punitive damages. Mast has already moved once for summary judgment in this case. Mast has not sought leave of this Court to file any further motion for summary judgment, as required by this Court's Individual Practices, nor would this Court be inclined to allow such a motion at this late stage in the proceeding. Having failed to raise this issue in its summary judgment motion, this Court will not permit Mast to file a second summary judgment motion under the guise of a motion in limine. The issue of whether Dollman is entitled to punitive damages must await the presentation of evidence at trial. Accordingly,

Mast's motion to exclude all evidence relating to punitive damages is denied. Of course, Mast may move to dismiss Dollman's claim for punitive damages after Plaintiff rests at trial.

In the alterative, Mast moves to bifurcate the trial as to punitive damages. The "preferred method" of determining punitive damages at trial is to "delay trial as to the amount of an award of punitive damages until the usual issues of liability and compensatory damages have been tried, along with the matter of whether the defendant's conduct warrants any award of punitive damages at all." Smith v. Lightning Bolt Prods., Inc., 861 F.2d 363, 374 (2d Cir. 1988). "If the jury finds in favor of the claimant on all of these issues, the parties should then be allowed to present evidence with respect to the amount of the punitive damage award." Smith, 861 F.2d at 374. "Nonetheless, whether to bifurcate a trial into liability and damages phases is a matter within the sound discretion of the trial court." Getty Petroleum Corp. v. Island Transp. Corp., 862 F.2d 10, 15 (2d Cir. 1988). Aside from noting that bifurcation is the "preferred method," Mast has offered no argument as to why bifurcation is preferable in this case. This Court will not grant a motion on such a meager showing. See Ragin v. Newburgh Enlarged City Sch. Dist., 10 Civ. 2797 (JFK), 2011 WL 2183175, at *3 (S.D.N.Y. Jun. 3, 2011) ("Defendants have presented no evidence to the Court likely to prejudice [them] or to confuse the jury. Defendants' bare assertion that prejudice could result is not sufficient to warrant bifurcation."). Accordingly, this motion is denied.

IV. Economic Expert

Mast moves to preclude Dollman's economic expert, Randall K. Filer ("Filer") from testifying about (1) the reasonableness of Dollman's job search, and (2) the impact of

Dollman's immigration status on her potential damages and the likelihood of Dollman qualifying for certain immigration benefits. Rule 702 of the Federal Rules of Evidence governs the admissibility of expert testimony:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

In determining whether expert testimony is admissible, a court must determine whether "the expert's testimony both rests on a reliable foundation and is relevant to the task at hand." Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 597 (1993). Under Rule 702 and Daubert, a witness will be qualified to testify as an expert only if the proposed expert has "specialized knowledge" through "experience, training or education" to render his or her opinion. Daubert, 509 U.S. at 597; Fed. R. Evid. 702. However, "[a]n expert who is qualified in one field cannot offer an opinion about aspects of the case in another field for which she is not qualified." Arista Records LLC v. Lime Grp. LLC, No. 06 Civ. 5936 (KMW), 2011 WL 1674796, at *2 (S.D.N.Y. May 2, 2011) (quotations omitted).

Filer has an extensive background in labor economics and is undoubtedly qualified to offer expert testimony on Dollman's general economic damages. He has no specific experience, however, relating to the fashion industry or the fashion industry job market. (See Filer Dep. 26-28). In preparing his report, he consulted with only one member of the fashion industry—his niece, who provided background information on fashion industry job search strategies. (Filer Dep. 41-42.) He conducted no further interviews with industry members or

recruiters. (Filer Dep. 55-56.) And there is simply nothing in Filer's experience, training, or education that endows him with specialized knowledge of job search techniques, in the fashion industry or otherwise. Given this lack of expertise, Filer's testimony about the reasonableness of Dollman's job search will not assist the jury, which is fully capable of making this determination on its own. Accordingly, Filer is precluded from testifying about the reasonableness of Dollman's job search.

Filer also lacks expertise in United States immigration law. He has never studied immigration law; his familiarity of the subject is limited to "general knowledge"; and his experience with the issue is limited to the hiring of non-U.S. faculty. (Filer Dep. 95.) Accordingly, Filer is precluded from testifying about the impact of United States immigration law on Dollman's job search.

V. Allison Tranter

Alison Tranter ("Tranter) was Dollman's immediate supervisor at Mast prior to her termination. Mast seeks to exclude under Rule 402 and 403 evidence relating to (1) allegations that Tranter misused her company credit card for personal expenses, and (2) Tranter's profile on a social networking site, which purportedly stated at one point that she was not getting sufficient sleep because she was "too busy prostituting [herself]." Tranter maintains that her profile was hacked by a former boyfriend. (Tranter Dep. 164., Ex. 8).

First, as to the alleged misuse of a company credit card, even if such conduct is generally probative of character for truthfulness or untruthfulness, see Fed. R. Evid. 608, this matter was investigated by Mast, and no evidence of misconduct was found. (Tranter Dep. 162.)

Accordingly, the probative value of this incident is minimal and is substantially outweighed by the danger of unfair prejudice. See United States v. Phibbs, 999 F.2d 1053, 1070 (2d Cir. 1993) (district court did not abuse discretion in restricting cross examination relating to internal disciplinary investigation that had been resolved in the witness's favor); Sabir v. Jowett, 143 F. Supp. 2d 217, 219 (D. Conn. 2001) (excluding evidence of a witness's alleged misappropriation of money, where the witness was ultimately exonerated of that charge). Any evidence relating to Tranter's alleged misuse of her company credit card is therefore excluded.

In addition, this Court discerns no possible relevance in the statement made on Tranter's social networking site. First, assuming that Tranter did make this statement—and she has denied doing so (Tranter Dep. 165-66)—it is easily characterized as banter. And even if true, it nevertheless bares no relation to any issue in this case. To the contrary, it can serve only to unfairly prejudice Mast, embarrass Tranter, and draw the jury's attention away from the probative facts. Dollman's disingenuous arguments to the contrary are frivolous. Accordingly, this evidence is also excluded.

VI. Dismissed Claims

Mast next moves to exclude under Rules 402 and 403 "any argument or evidence referencing or supporting" her claims that this Court dismissed in its August 17 Memorandum & Order, specifically Dollman's claim for retaliation. To the extent that Mast seeks to exclude evidence of the fact that Dollman had asserted additional claims that have since been dismissed, this Court agrees that such evidence is not probative and would be unfairly prejudicial. However, this Court cannot go so far as to exclude all "evidence supporting" her dismissed

claims because some evidence might be relevant to Dollman's remaining claims. Resolution of such objections must be made as questions are posed at trial. Accordingly, decision on the remainder of this motion is reserved.

VII. Job Listing Exhibits

Finally, Mast moves pursuant to Federal Rules of Evidence 402, 403, 802,[1] and 901 to exclude Dollman's Proposed Exhibit 5, which purports to contain job listings for Dollman's position (or similar positions) at Mast. Rule 901 states that "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Mast correctly notes that Dollman has not yet met this burden, as she has not submitted any evidence relating to the authenticity of the listings. However, given that many of these listings are for jobs at Mast and were thus likely posted by a Mast employee, such evidence might be properly authenticated by witnesses testifying at trial. Accordingly, this Court's decision on Mast's Rule 901 objection is reserved.

Mast also raises several objections to specific listings as either duplicative or irrelevant. First, Mast argues that because several listings—JL 164 through JL 171—are for positions other than Fabric Manager, the position held by Dollman prior to her termination, they

---

[1] Defendant's Rule 802 argument is relegated to a footnote, which notes that "[w]here postings from internet websites are not statements made by declarants testifying at trial and are offered to prove the truth of the matter asserted, such postings generally constitute hearsay." (Def. Mem. 2 n.2 (parenthetically quoting Novak v. Tucows, Inc., No. 06 Civ. 1909 (JFB), 2007 WL 922306, at *5 (E.D.N.Y. Mar. 26, 2007)).) However, Defendant has made no showing that the postings were made by someone who will not be testifying at trial. Accordingly, decision is reserved on Defendant's Rule 802 objection.

are therefore irrelevant. This Court agrees. Mast's theory of the case is that Dollman was terminated as part of a restructuring process. Thus, Dollman seeks to offer these job postings to establish that the restructuring was merely a pretext, and that Mast never intended to eliminate Dollman's position as part of that process. Whether Mast had openings in other positions is not probative of the issue of pretext. Accordingly, these documents are excluded.

Also among the job listings are five listings for a Fabric Manager position at Mast. Four of these listings, however—JL 156-157, 158-159, 160-161, and 162-163—are duplicative listings for a single position. Mast argues that such duplicative listings are needlessly cumulative. However, the fact that Mast posted the same listing in more than one location is relevant to the intensity of their search to fill the position. Accordingly, to the extent that Mast's motion seeks to exclude these duplicative posts, the motion is denied.

Finally, Mast seeks to exclude two remaining listings, JL 152-155 and JL 172. JL 152-155 consists of a four-page printout of job listings at Limited Brands. However, none of the listed jobs indicate that they are for a position of Fabric Manager at Mast. Accordingly, these listings are excluded as irrelevant. Similarly, JL 172 is a job listing for a Fabric Manager at Victoria Secret Sport, not Mast. This posting is therefore excluded.

## CONCLUSION

For the foregoing reasons, Defendant Mast Industries' motions are granted in part and denied in part. Mast's motion to exclude the New York Division of Human Rights Determination is granted. Mast's motion to bifurcate the trial as to damages is denied. Mast's motion to exclude all evidence relating to punitive damages or alternatively to bifurcate the trial

as to punitive damages is denied. Mast's motions to exclude certain testimony of Radall K. Filer and to exclude certain evidence relating to Alison Tranter are granted. Mast's motion to exclude evidence relating to Dollman's previously dismissed claims is granted in part, with the remainder reserved until trial. Finally, Mast's motion to exclude Dollman's job listing exhibits is granted in part and denied in part, with the remainder reserved until trial.

Dated: September 6, 2011
       New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of Record:*

Preston Avram Leschins
Anzalone & Leschins
888 Seventh Avenue Suite 3008
New York, NY 10106
*Counsel for Plaintiff*

Andrew Christian Smith
Vorys, Sater, Seymour and Pease, LLP (Columbus)
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216
*Counsel for Defendant*